# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT LEE VAUGHT,<br><br>                  Plaintiff,<br><br>v.<br><br>SCOTT KERNAN,<br><br>                  Defendant. | Case No.: 18cv300-CAB-JMA<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO PULLMAN ABSTENTION** |

On August 1, 2018, this Court issued an Order: (1) Granting Motion to Dismiss Plaintiff's Complaint (Monetary Damages Only) and (2) to Show Cause Why the Case for Injunctive Relief Should Not be Stayed or Dismissed Under Younger/Pullman Abstention ("OSC"). [Doc. No. 11.] On August 24, 2018, Defendant filed a response to the OSC. [Doc. No. 12.] Plaintiff has not filed a response to the OSC, nor has he filed a reply to Defendant's response. For the reasons set forth below, the case is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

In his Complaint, Plaintiff alleges that under Proposition 57, inmates who were not convicted of a violent felony as a primary offense—i.e. crimes listed under California

Penal Code §667.5—are entitled to early parole consideration after completing the full term of their primary offense. [Doc. No. 1 at 3 - 7.] He alleges that CDCR regulations define a violent felony consistently with this penal code section. *Id*. But CDCR regulations, which were certified by Secretary Kernan, allegedly go further and improperly exclude from early parole consideration inmates who are serving life sentences for non-violent felonies. *Id*. at 3-6.

Plaintiff alleges that he is serving a 30-year-to-life sentence under California's three strike sentencing guidelines, but that his primary offense—burglary—was a non-violent offense, and he has served his full term. *Id*. at 4. Plaintiff claims that he is eligible for an early parole hearing under Proposition 57, but is denied this hearing because of CDCR's regulations. *Id*. at 4-7.

Plaintiff claims that, by implementing the CDCR regulations that exclude inmates like Plaintiff from early parole consideration, Defendant has violated Plaintiff's Fourteenth Amendment equal protection and due process rights. *Id.* at 2. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 10.

On June 4, 2018, Defendant filed a motion to dismiss the claim for monetary damages. [Doc. No. 7.] In the motion to dismiss, Defendant states that Plaintiff has his "own yet-undecided habeas petition on this issue [which] is currently before the California Court of Appeal," entitled "*In re Elbert Lee Vaught*, Court of Appeal of the State of California, Case No. G054657." [Doc. No. 7-1 at 8, n. 2.] Defendant further states that "[o]nce [the state habeas is] decided, Defendant will raise *res judicata* issues in this case." *Id.*

On August 1, 2018, this Court granted Defendant's motion to dismiss, leaving only a claim for injunctive relief. In addition, given that there appears to be an on-going state court proceeding regarding the same issue involved in this case, and involving a matter of

untested state law, the Court issued an OSC regarding why this case should not be stayed or dismissed under *Younger*[1] and/or *Pullman*[2] abstention.

In response to the OSC, Defendant agreed that the case should be dismissed or stayed under the *Pullman* abstention doctrine, and requested judicial notice pursuant to Federal Rule of Evidence 201(b) of the following:

1. The Court of Appeal of the State of California, Fourth Appellate District, Division Three, Case No. G054657, *In re Elbert Lee Vaught*, petition [Doc. No. 12-1 at 3-13] and court docket [Doc. No. 12-1 at 14-19];

2. The Court of Appeal of the State of California, Second Appellate District, Division Seven, Case No. B289276, *In re Freddie Hughey*, petition [Doc. No. 12-1 at 20-50] and court docket [Doc. No. 12-1 at 51-53].

Given that these are official court records, Defendant's request for judicial notice [Doc. No. 12-1] is **GRANTED**.

In Plaintiff's state court petition, he raises the same issue that he raises in this case regarding the CDCR regulations and their impact on three-strikes inmates. [*See* Doc. No. 12-1 at 10.] In addition, the docket shows that Plaintiff is represented by counsel in his state court petition, the case is fully briefed, and there has been oral argument. [Doc. No. 12-1 at 15-19.] Finally, the state court petition filed by Freddie Hughey also addresses the same issue addressed here, and that matter is also ongoing. [*See* Doc. No. 12-1 at 25-27, 52-53.]

## DISCUSSION

Federal courts may abstain where federal constitutional issues are raised in connection with state statutes whose interpretation is unsettled. *Railroad Comm'n of Texas v. Pullman Co. ("Pullman")*, 312 U.S. 496, 500 (1941). The *Pullman* abstention

---

[1] *Younger v. Harris*, 401 U.S. 37, 40–41, 91 S.Ct. 746 27 L.Ed.2d 669 (1971).
[2] *Railroad Comm'n of Texas v. Pullman Co. ("Pullman")*, 312 U.S. 496, 500 (1941).

doctrine allows a federal court to postpone the exercise of federal jurisdiction when "a federal constitutional issue ... might be mooted or presented in a different posture by a state court determination of pertinent state law." *C–Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) (*quoting County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959)); *see also Pearl Investment Co. v. City and Cty. of San Francisco*, 774 F.2d 1460, 1462 (9th Cir. 1985) (under the *Pullman* abstention doctrine, courts should abstain in cases presenting a federal constitutional question if constitutional adjudication could be avoided or the constitutional question narrowed by a state court ruling on an uncertain question of state law). In the Ninth Circuit, three criteria must be met before *Pullman* abstention is appropriate: (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open. (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy. (3) The possibly determinative issue of state law is doubtful. *Smelt v. Cty. of Orange*, 447 F.3d 673, 679 (9th Cir. 2006).

  Here, it is clear that in at least two ongoing state appellate court proceedings, including Plaintiff's, the state court is addressing the same issue presented in this case. Moreover, all three criteria for *Pullman* abstention are met. Smelt, 447 F.3d at 679. The social policy concerning prison sentencing, especially relating to three-strike inmates, is a sensitive area that has traditionally been regulated through state law. In addition, constitutional adjudication would be avoided if the state court rules in Plaintiff's favor and CDCR amends its regulations. Finally, it is impossible to predict which way the court will rule. Thus, *Pullman* abstention is appropriate.

  Given that the only relief sought in this case is equitable, this court has discretion to either stay the action or decline jurisdiction altogether by dismissing the action. *Quackenbush v. Allstate, Ins. Co.*, 517 U.S. 706, 717-722 (1996). This Court elects in its discretion to **DISMISS** the case **WITHOUT PREJUDICE**.

/ / / / /

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: September 27, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge